# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 19-1111V
### UNPUBLISHED

| | |
|---|---|
| DEBORAH KELLEY,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: January 25, 2021<br><br>Special Processing Unit (SPU);<br>Influenza (Flu) Vaccine; Guillain-Barré Syndrome (GBS) |

*Jessica Leigh Powell*, Burg Simpson Eldredge Hersh & Jardine, Cincinnati, OH, for Petitioner.

*Laurie Wiesner*, U.S. Department of Justice, Washington, DC, for Respondent.

### **FINDINGS OF FACT AND CONCLUSIONS OF LAW ON TABLE CLAIM**[1]

On July 31, 2019, Deborah Kelley filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged a Table claim for Guillain-Barré syndrome ("GBS"), and in the alternative has asserted a cause-in-fact claim for GBS as her injury, as a result of her receipt of an influenza ("flu") vaccination on October 23, 2018. Petition at 3, ECF No. 1. The case was assigned to the Special Processing Unit of the Office of Special Masters (the "SPU").

---

[1] Because this unpublished fact ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the fact ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

After the case's initiation, Respondent filed his counsel's informal assessment of this case on April 13, 2020, pursuant to my Order, and identified several issues that he maintained precluded the informal resolution of this case in SPU. Most significantly, Respondent argued that Petitioner could not establish that she met the requirements for a flu-GBS Table claim because she reported the onset of her symptoms had occurred the day after her vaccination - significantly shorter than the 3 – 42 day period for GBS onset prescribed by the Table. ECF No. 17 at 2.[3]

On July 28, 2020, I ordered Petitioner to show cause why her Table claim should not be dismissed. ECF No. 21. Petitioner filed a response on November 5, 2020, wherein she agreed that the evidence does not support a table claim. ECF No. 25.[4] Specifically, Petitioner stated that her first symptoms of GBS "appeared approximately 41-42 hours after the administration of the flu vaccine," or just under two days post-vaccination. *Id.* at 4. Petitioner nevertheless argued that this case should not be dismissed, and requested that she be allowed to amend her petitioner to allege a non-table claim. *Id.* at 12.

To receive compensation under the Program, petitioner must prove either 1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of her vaccinations, or 2) that she suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). Examination of the record, however, does not disclose that Petitioner suffered a "Table Injury," because the onset requirement cannot be met, as Petitioner concedes. 42 C.F.R. § 100.3(a)(XIV)(D). That style of claim therefore is not tenable – although Petitioner *may* be able to show that a short onset was still medically acceptable, under a causation-in-fact theory.

Accordingly,

- **Petitioner's Table Claim for GBS is dismissed.**

- **Petitioner may file an amended petition alleging a causation-in-fact claim by no later than February 8, 2021. I shall thereafter set a status conference to discuss next steps with the parties.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] Respondent also argued that Petitioner's records do not show her symptoms persisted for six months following her vaccination.

[4] Petitioner also filed an expert report and accompanying journal articles. ECF No. 27.