# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 19-1111V

* * * * * * * * * * * * * * * * * * * * * * * * *
DEBORAH KELLEY,

    Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

    Respondent.
* * * * * * * * * * * * * * * * * * * * * * * * *

Special Master Katherine E. Oler

Filed: June 23, 2023

*Jessica Powell*, Burg Simpson Eldredge Hersh & Jardine, Cincinnati, OH, for Petitioner
*Felicia Langel*, U.S. Department of Justice, Washington, DC, for Respondent

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On July 31, 2019, Deborah Kelley ("Petitioner") filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2] Pet., ECF No. 1. Petitioner alleged that she developed Guillain-Barré syndrome ("GBS") as a result of the quadrivalent influenza ("flu") vaccine she received on October 23, 2018. Pet. at 1. The parties filed a stipulation on March 8, 2022, which I adapted into a decision issued the same day. *See* Stipulation dated March 8, 2022 (ECF No. 54); Stipulation Decision dated March 8, 2022 (ECF No. 55).

Petitioner filed a Motion for Attorneys' Fees and Costs on May 3, 2022, requesting a total of $72,406.57. ECF No. 60 at 12 (hereinafter "Fees Application" or "Fees App."). Respondent

---

[1] Because this Decision contains a reasoned explanation for the action in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

1

filed a response (hereinafter "Fees Response" or "Fees Resp.") on June 3, 2022, stating "Respondent is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case." Fees Resp. at 2, ECF No. 61. Petitioner did not file a reply brief.

For the reasons discussed in this decision, I hereby **GRANT IN PART** Petitioner's application and award a total of **$60,699.63** in attorneys' fees and costs.

I.   Discussion

   A. Reasonable Attorneys' Fees

Petitioner requests a total of $68,174.00 in attorneys' fees, which consists of $58,602.50 for Ms. Powell's work in this case, and $9,571.50 for the paralegals' work in this case. Fees App. at 12.

   1. Reasonable Hourly Rate

A reasonable hourly rate is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of [P]etitioner's attorney." *Rodriguez v. Sec'y of Health & Hum. Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349).

*McCulloch* provides the framework for determining the appropriate compensation for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

Petitioner's counsel, Ms. Jessica Powell, requested hourly rates of $243.00 per hour for work performed in 2019; $253.00 per hour for work performed in 2020; $355.00 per hour for work performed in 2021; and $366 per hour for work performed in 2022. Fees App., Ex. A at 30. Ms. Powell also requested rates ranging from $156.00 to $177.00 per hour for paralegal work performed between 2019 and 2022. Fees App., Ex. A at 39.

---

[3] The 2019 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf.
The 2020 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202020.PPI_OL.pdf
The 2021 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2021-PPI-OL.pdf
The 2022 Fee Schedule can be accessed at: https://www.uscfc.uscourts.gov/sites/default/files/Attorneys%27-Forum-Rate-Fee-Schedule-2022-%28Final%29.pdf.
The hourly rates contained within the schedules are updated from the decision in McCulloch, 2015 WL 5634323.

2

This is Ms. Powell's first case in the Vaccine Program, therefore her hourly rate has not been set. Ms. Powell practices in Cincinnati, Ohio, which has been awarded the same forum rate as Washington, DC. *See*, *e.g.*, *Makstell v. Sec'y of Health & Hum. Servs.*, No. 16-1554V, 2018 WL 5780279 at *2-3 (Fed. Cl. Spec. Mstr. Sep. 11, 2018) (finding that application of the Rubin Committee rates, a determination of reasonable rates for the U.S. District Court for the Southern District of Ohio (which includes Cincinnati), was not substantially different from the District of Columbia rates enumerated in *McCulloch*); *Windhorst v. Sec'y of Health & Hum. Servs.*, No. 13-647V, 2017 WL 4768125 at *2 (Fed. Cl. Spec. Mstr. Sept. 27, 2017); *Jones v. Sec'y of Health & Hum. Servs.*, No. 13-279V, 2016 WL 7233938 at *4 (Fed. Cl. Spec. Mstr. Nov. 18, 2016). I apply the same reasoning as the other Special Masters and will award Ms. Powell forum rates set by the OSM Fee Schedule.

Next in analyzing Ms. Powell's hourly rates, I must consider her experience. Ms. Powell has requested the top hourly rates within her years of experience on the OSM Fee Schedule. Ms. Powell was barred in the Commonwealth of Kentucky in 2017, therefore she began this case with approximately two years of legal experience in 2019. Ms. Powell requested the highest rate for those practicing with less than 4 years of experience, or $243.00/hour in 2019, and $253.00/hour in 2020. For 2021 and 2022, Ms. Powell had at least 4 years of experience, and requested the top rates of $355.00/hour and $366.00/hour respectively for practitioners in the 4-7 years of experience range. She has also requested the top paralegal hourly rates from 2019-2022.

As a general matter, the "top hourly rates are reserved for those attorneys who, because of their experience, can *minimize* the number of hours expended in a particular case." Because this is Ms. Powell's first case in the Vaccine Program, it is not appropriate to award her the highest hourly rates available within her band of experience. *See Plott v. Sec'y of Health & Hum. Servs.*, No. 92–633V, 1997 WL 842543 at *2 (Fed. Cl. Spec. Mstr. Apr. 23, 1997). As stated in *McCulloch*, the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large. 2015 WL 5634323, at *17.

According to Ms. Powell's hours log, she spent 209.20 hours working on this case. *See* Ex. A at 30. In my experience, this expenditure of time is generally reserved for cases that involve either a complex injury or one that proceeded to an entitlement hearing. This case involved the flu vaccine and GBS, a Table injury, with an onset issue. I also note that Ms. Powell spent approximately 18 hours preparing the fees application. This expenditure of time is substantially longer than I typically see in a comparable case. It is unlikely that a practitioner familiar with the Vaccine Program would have spent the same amount of time on this case; other special masters have reduced attorneys' hourly rates for the same reason. *See*, *e.g., Amato v. Sec'y of Health & Hum. Servs.*, No. 18-1718V, 2020 WL 5511322 at *2 (Fed. Cl. Spec. Mstr. Aug. 6, 2020) (reducing counsel's requested rate due to his inexperience in the Vaccine Program); *Mahoney v. Sec'y of Health & Hum. Servs.*, No. 18-1105V, 2020 WL 4197310 at *2-3 (Fed. Cl. Spec. Mstr. June 3, 2020).

I note that Ms. Powell performed a substantial amount of research regarding the Vaccine Program.[4] "[I]t is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Hum. Servs.*, No. 14–1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). "An inexperienced attorney may not ethically bill his client to learn about an area of law in which he is unfamiliar. If an attorney may not bill his client for this task, the attorney may also not bill the Program for this task." *Carter v. Sec'y of Health & Hum. Servs.*, No. 04–1500V, 2007 WL 2241877, at *5 (Fed. Cl. Spec. Mstr. July 13, 2007). Given these findings, it is not appropriate to award Ms. Powell's requested hourly rates.

Accordingly, I adjust Ms. Powell's rates to the following: $200/hour for work performed in 2019; $225/hour for work performed in 2020; $275/hour for work performed in 2021; and $300/hour for work performed in 2022. While I note that the paralegal hourly rates are also high for first-time Vaccine Program practitioners, I have not adjusted them.

   2. Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton ex rel. Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1522 (Fed. Cir. 1993). In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 728-29 (2011) (affirming the special master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Hum. Servs.*, 38 Fed. Cl. 403, 406 (1997) (affirming the special master's reduction of attorney and paralegal hours). Petitioner bears the burden of establishing that the rates charged, hours expended, and costs incurred are reasonable. *Wasson v. Sec'y of Health & Hum. Servs.*, 24 Cl. Ct. 482, 484 (1993). However, special masters may reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 208-09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 318 (Fed. Cl. 2008), *aff'd* No. 99-573V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Special masters may look to their experience and judgment to reduce an award of fees and costs to a level they find reasonable for the work performed. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993). It is within a special master's discretion to instead make a global reduction to the total amount of fees requested. *See Hines v. Sec'y of Health & Hum.*

---

[4] Entries include (but are limited to): 6/4/2019 (2.5 hrs): Reviewed Vaccine Court's local rules and began drafting petition; 6/5/2019 (2.5 hrs): Drafted affidavit for client to support petition. Double-checked the injury table and edited affidavit and petition accordingly; 7/28/2020 (2.0 hrs): Researched Vaccine Court decisions regarding GBS that fell outside the Table time frame. Discussed case with paralegal Anjelica Nguyen so that she could research the medical literature for me; 2/1/2022 (1.0 hrs): Reviewed special master decisions regarding reasonable attorney fees and costs; (2.0 hrs): Reviewed Ohio case law regarding reasonable attorneys' fees.

*Servs.*, 22 Cl. Ct. 750, 753 (1991) ("special masters have wide latitude in determining the reasonableness of both attorneys' fees and costs"); *Hocraffer v. Sec'y of Health & Hum. Servs.*, No. 99-533V, 2011 WL 3705153 (Fed. Cl. Spec. Mstr. July 25, 2011), mot. for rev. denied, 2011 WL 6292218, at *13 (Fed. Cl. 2011) (denying review of the special master's decision and endorsing "a global – rather than line-by-line – approach to determine the reasonable number of hours expended in this case").

a. *Block Billing and Clerical and Administrative Time*

Block billing or grouping several tasks into one entry without providing sufficient detail as to what each task entailed is disfavored. *Broekelschen*, 2008 WL 5456319, at *13–14 (reducing petitioner's attorneys' fees and criticizing her for block billing); *see also Jeffries v. Sec'y of Health & Hum. Servs.*, 99-670V, 2006 WL 3903710, *8–9 (Fed Cl. Spec. Mstr. Dec. 15, 2006); *Mostovoy*, 2016 WL 720969, at *6. The Vaccine Program's Guidelines for Practice also state that "[e]ach task should have its own line entry indicating the amount of time spent on that task. Lumping together several unrelated tasks in the same time entry frustrates the court's ability to assess the reasonableness of the request." Office of Special Masters, Guidelines for Practice Under the National Vaccine Injury Compensation Program (Rev. Ed. 2019) § X.3.B.1.b.[5]

While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Hum. Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26. It is well-established that billing for administrative and clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature ... should be considered as normal overhead office costs included within the attorneys' fee rates"); *see also Mostovoy v. Sec'y of Health & Hum. Servs.*, No. 02-10, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016) (citing "reviewing invoices, setting up meetings, and making travel arrangements" as examples of administrative tasks); *Macrelli v. Sec'y of Health & Hum. Servs.*, No. 98–103, 2002 WL 229811, at *7 (Fed. Cl. Spec. Mstr. Jan. 30, 2002) (stating that "time spent performing secretarial tasks is to be subsumed in the overhead costs of practicing law and is not reimbursable"); *Isom v. Sec'y of Health & Hum. Servs.*, No. 94–770, 2001 WL 101459, at *2 (Fed. Cl. Spec. Mstr. Jan. 17, 2001) (agreeing with respondent that tasks such as filing and photocopying are subsumed under overhead expenses).

The hourly logs for Ms. Powell and her paralegals include a number of clerical and administrative tasks, as well as block billing. Examples include (but are not limited to):

Ms. Powell:
- July 29, 2020 (4.5 hours): "Prepared for and attended status conference with the Court. Drafted update email to client."
- October 5, 2020 (6.5 hours): "Reviewed report submitted by expert. Began edits.

---

[5] Available at https://www.uscfc.uscourts.gov/vaccine-guidelines.

5

    Conducted research into immune responses."
- October 21, 2020 (2.0 hours): "Prepared exhibits to expert's report."
- November 25, 2020 (8.0 hours): "Made edits to response to Order to Show Cause based on attorney Melanie Bailey's feedback. Located, organized, and redacted exhibits."
- November 25, 2021 (4.0 hours): "Finished status report and amended exhibit list. Redacted medical records to be filed."

Paralegals:
- July 29, 2019 (7.0 hours): " Prepare exhibits to complaint. Redactions and page number sequencing."
- July 31, 2019 (3.0 hours): "Redactions and prepare exhibits, cover sheets, files and serve."
- November 1, 2019 (4.0 hours): "Redact and bates documents to be filed."
- December 2, 2020 (2.0 hours): "Filing with court."

I will apply a 5% reduction to the total of attorneys' fees requested for block billing, clerical and administrative tasks, and general excessive billing.

| Year | Total Hours Performed by Ms. Powell | Hourly Rate | Total | Total (with 5% reduction) |
|---|---|---|---|---|
| 2019 | 31 | $200 | $6,200 | $5,890 |
| 2020 | 120 | $225 | $27,000 | $25,650 |
| 2021 | 31.7 | $275 | $8,717.50 | $8,281.63 |
| 2022 | 26.5 | $300 | $7,950 | $7,552.50 |

Based on the chart above, Ms. Powell is awarded $47,374.13 in attorneys' fees. This is a reduction of $11,228.37 to Ms. Powell's request. Petitioner is awarded $9,092.93 for paralegal fees, which is a reduction of $478.57. The total reduction of attorneys' fees is $11,706.94.

    Total attorneys' fees to be awarded: **$56,467.06**

    **B. Reasonable Costs**

Petitioner requests a total of $4,232.57 in costs, which includes Dr. Christopher Lee's expert report, printing expenses, medical record requests, shipping costs, medical literature, and the Court's filing fee. Ex. A at 7-16. Documentation was provided for the medical record requests, medical literature, and the Court's filing fee, therefore these will be paid in full. I discuss the other requests below.

    1. <u>Petitioner's Expert Costs for Dr. Christopher Lee, MD, MPH</u>

Dr. Christopher Lee submitted one expert report in this case. Ex. 13. Dr. Lee requests compensation at an hourly rate of $500.00 for approximately 6.25 hours (or 375 minutes) of work performed. Petitioner has submitted an invoice documenting the work performed by Dr. Lee. Ex. A at 42.

Regarding Dr. Lee's hourly rate, no other special master has determined whether his requested hourly rate is reasonable. Dr. Lee received his medical degree from Wake Forest University and currently works at Vanderbilt University as an associate professor of neurology and as Program Director of the Neurology Residency Program. Ex. A at 1, 2. Dr. Lee is board certified in neurology and electrodiagnostic medicine, and is well qualified to provide an opinion in this case. Petitioner provided Dr. Lee's invoice, detailing the time spent preparing for and writing his expert report, which appears to be reasonable.

I will award Dr. Lee's expert fees in full, totaling $3,124.00, without a determination of the reasonableness of his hourly rate.

2. Miscellaneous

Petitioner also requests reimbursement for printing expenses and shipping expenses. Not all of the expenses have supporting documentation however, these seem like ordinary business expenses, and I will grant them in full.

Total costs awarded: **$4,232.57**

## II. Conclusion

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of fees and cost awards, and based on the foregoing, I **GRANT IN PART** Petitioner's application, as follows:

A lump sum in the amount of **$60,699.63**, representing reimbursement of Petitioner's attorneys' fees and costs in the form of a check jointly payable to Petitioner and her attorney, Ms. Jessica Powell.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[6]

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.